# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54546-2-II |
| Respondent, | |
| v. | |
| DOMINIC LANDRIC DIXON, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, J. — Dominic Dixon argues that the trial court erred when it set bail at $500,000 without taking into account his financial resources. He concedes the matter is moot but contends the issue is one of continuing and substantial public interest. We conclude Dixon's bail argument is moot and that a recent published opinion sufficiently addresses any concerns as to the continuing and substantial public interest in the issue. Therefore, we dismiss his appeal.

## FACTS

While driving to work in the early morning hours, Dixon struck a woman on the side of the road while she was assisting a motorist. He did not stop. The woman later died from her injuries. The State charged Dixon with hit and run—death.

Dixon pled not guilty and requested to be released on personal recognizance pending trial. The State requested that bail be set at $750,000. The trial court set bail at $500,000 based on "all of the facts and circumstances and totality of what [the court] read in the Probable Cause statement." Report of Proceedings (April 3, 2018) at 13.

Dixon posted bail and was released. The trial court found Dixon guilty as charged following a stipulated facts bench trial and sentenced him to a standard range sentence. Dixon appeals.

## ANALYSIS

Dixon contends that the trial court violated CrR 3.2 when it set bail at $500,000 without inquiring into his financial resources. Dixon acknowledges that this issue is now moot but argues that we should consider it anyway because it is a matter of continuing and substantial public interest. We disagree.

An issue is moot if the court can no longer provide effective relief. *State v. Gentry*, 125 Wn.2d 570, 616, 888 P.2d 1105 (1995). But we may review a moot case if it presents an issue of continuing and substantial public interest. *State v. Waller*, 197 Wn.2d 218, 223, 481 P.3d 515 (2021). "Whether a moot case involves a matter of substantial public interest depends on whether the issue is of a public or private nature, whether an authoritative determination is desirable to provide future guidance to public officers, and whether the issue is likely to recur." *State v. Enriquez-Martinez*, ___ Wn.2d ___, 492 P.3d 162, 165 (2021).

Here, we cannot provide effective relief postconviction, even if bail were set improperly. Moreover, Dixon's CrR 3.2 argument has been addressed recently by this court in *State v. Ingram*, 9 Wn. App. 2d 482, 447 P.3d 192 (2019), *review denied*, 194 Wn.2d 1024 (2020). There, we stressed that consideration of the defendant's financial resources is required before setting the bail amount under CrR 3.2. *Ingram*, 9 Wn. App. 2d at 496-97.

Although the trial court did not have the benefit of this case at Dixon's 2018 bail hearing, Dixon's arguments do not present matters of continuing and substantial public interest for this court because *Ingram* has provided recent guidance. Therefore, Dixon's appeal is moot. The

proper recourse for a moot appeal is to dismiss. *Price v. Price*, 174 Wn. App. 894, 902, 301 P.3d 486 (2013).

We dismiss the appeal as moot.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, J.

We concur:

_____
Glasgow, A.C.J.

_____
Cruser, J.

3